**SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X

Kristen Ungar

                **Plaintiff**

-against-

Security Credit Systems, Inc. and
Mr. Harkin

                **Defendant**
------------------------------------------------X

Docket No.

CV 12-3605

COMPLAINT AND DEMAND FOR JURY TRIAL

Unlawful Debt Collection Practices

TRIAL BY JURY DEMANDED

WEXLER, J.
BOYLE, M.

Plaintiff, by his attorney Joseph Mauro, complaining of the Defendants, respectfully alleges and shows to the Court as follows:

## I. INTRODUCTION

1. The Plaintiff is suing the Defendants because the Defendant debt collectors harassed and deceived the Plaintiff while attempting to collect an alleged debt. The Defendants' actions include falsely threatening to sue the Plaintiff; invading the Plaintiff's privacy by improperly speaking to a relative of Plaintiff; invading the Plaintiff's privacy by contacting the Plaintiff's employer and threatening to do so; failing to properly identify themselves as debt collectors; failing to meaningfully identifying themselves while communicating with the Plaintiff; and illegally converting money from the Plaintiff's bank account. The Defendants' actions caused the Plaintiff to suffer emotional distress, financial damage, and invaded the Plaintiff privacy.

2. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA")

which prohibits debt collectors from engaging in abusive, deceptive and unfair practices; New York General Business Law, Section 349; as well as for violations of common law.

3. The United States Supreme Court has recognized a citizen's home as "the last citadel of the tired, the weary, and the sick," *Gregory v. Chicago,* 394 U.S. 111, 125 (1969), and has noted that "[p]reserving the sanctity of the home, the one retreat to which men and women can repair to escape from the tribulations of their daily pursuits, is surely an important value." *Carey v. Brown,* 447 U.S. 455, 471(1980).

4. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") which prohibits harassing and deceptive conduct while attempting to collect a debt.

    5.    According to 15 U.S.C. 1692:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, **and to invasions of individual privacy**. (emphasis added)

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

6. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. Section 1367. Injunctive relief is available pursuant to New York state law. Venue in this District is proper in that the Defendants' transact business here and the conduct complained of occurred here.

## III. PARTIES

7. Plaintiff, Kristen Ungar, is a natural person residing in Suffolk County, New York. Plaintiff is a consumer as defined by the FDCPA.

8. Defendant Security Credit Systems, Inc. (Security Credit) is a corporation engaged in the business of collecting debts in this state. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

9. Defendant "Mr. Harkin" is a natural person who on information and belief was employed by Security Credit as a debt collector at all times relevant to this complaint.

10. All defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

11. The Plaintiff alleges that at all times herein mentioned, each of the Defendants were, and is now, the agent, servant, employee and/or other representative of the other Defendants, and in doing the things herein alleged, was acting in the scope, purpose and authority of such agency, service employment, and/or other representative capacity with the permission, knowledge consent and/or ratification of the other Defendants. Security

Credit is responsible and liable for the acts of its employees and agents. Any reference hereinafter to "Defendant," or "Defendants," or "Debt collector," without further qualification is meant to refer to each and all Defendants herein jointly and severally.

## IV. FACTUAL ALLEGATIONS

12. Plaintiff repeats paragraphs "1" through "11" as if fully restated herein.

13. The Defendants allege that the Plaintiff owes a consumer debt (the debt) to a Long Island University ("the debt" or "the alleged debt") The alleged debt of Plaintiff is a "debt" as defined by 15 USC 1692a in that it is a debt alleged to be owed for personal, family, or household services. Defendant alleges that the debt is owed by Plaintiff for school tuition.

14. In or around the October 2011, the Defendant Mr. Harkin, on behalf of Defendant Security Credit, telephoned the Plaintiff in an attempt to collect the alleged debt

15. The Defendants indicated to the Plaintiff that they were going to bring legal action against the Plaintiff to collect the alleged debt. The Plaintiff informed the Defendants that the Plaintiff did not have the money to pay the alleged debt. In order to avoid a lawsuit, the Plaintiff informed the Defendants that they could withdraw $78.00 from her bank account in October 2011 and November 2011.

16. In December, the Plaintiff informed the Defendants not to attempt to take any more money out of her account. In response to the Plaintiff informing the Defendants not to take any more money out of her account, the Defendants informed the Plaintiff that Defendants were going to give the account to an attorney.

17. Notwithstanding the Plaintiff's specific instructions not to attempt to take any money out of the Plaintiff's bank account, the Defendants did in fact take money out of the Plaintiff's bank account, causing the Plaintiff to suffer financial damages.

18. Notwithstanding the Defendant's specific instructions, and without authorization, the Defendant withdrew $78.00 from the Plaintiff's bank account.

19. Defendants have not sued the Plaintiff.

20. Defendants were never authorized to begin a lawsuit against the Plaintiff on behalf of Long Island University or any company.

21. The Defendants telephoned the Plaintiff's father and informed the Plaintiff's father that the Defendants needed to speak to Plaintiff about the situation with Long Island University. The Defendants instructed the Plaintiff's father to deliver a message to the Plaintiff informing her that it was imperative that Defendants speak with the Plaintiff immediately, and directing Plaintiff's father to inform the Plaintiff that if she did not call Defendants back by the next day that the Defendants was going to take further action regarding the Plaintiff's case.

22. The Defendants have repeatedly left Plaintiff voice mail messages without indicating that they were debt collectors as required by 15 USC 1692e(11). The Defendants purposefully engaged in this deception with the intent and effect to deceive the plaintiff into believing, that the Defendants were not merely debt collectors, but instead was an attorneys or law enforcement officials of some nature causing the least sophisticated consumer to believe that the "price of poker has just gone up." [See *Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir.1996); *Herzlinger v. Nichter*, 2011 U.S. Dist. LEXIS 42133 (S.D.N.Y. Feb. 9, 2011).

23. The Defendants have left messages for the Plaintiff on Plaintiff's voice mail that did not meaningfully identify themselves in violation of 15 USC 1692d(6). Plaintiff engaged in this harassing and deceptive conduct in an attempt to trick the Plaintiff into ignorantly calling the Plaintiff back, thereby eliminating the Plaintiff's right to choose whether and when to speak to the debt collector.

24. The Defendant improperly and without authorization withdrew money from the Plaintiff's bank account, and caused the Plaintiff to suffer financial damage.

25. The Defendants' deceptive and harassing conduct caused the Plaintiff to suffer financial damages, as well as emotional distress.

## V. CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

27. Defendants' actions as described herein violated the following provisions of the FDCPA:

a. 15 U.S.C Section 1692c(b);

b. 15 U.S.C Section 1692d

c. 15 U.S.C Section 1692d(1)

d. 15 U.S.C Section 1692d(6)

e. 15 U.S.C Section 1692e

f. 15 U.S.C Section 1692e(1)

g. 15 U.S.C Section 1692e(2)

h. 15 U.S.C. Section 1692e(3)

i. 15 U.S.C Section 1692e(4)

j. 15 U.S.C Section 1692e(5)

k. 15 U.S.C. Section 1692e(7)

l. 15 U.S.C. Section 1692e(8)

m. 15 U.S.C. Section 1692e(10)

n. 15 U.S.C Section 1692e(11);

o. 15 U.S.C. Section 1692(f)

p. 15 U.S.C Section 1692f(1)

q. 15 U.S.C. Section 1692f(2); and

r. 15 U.S.C. Section 1692g(a).

## VI. CAUSES OF ACTION FOR NEGLIGENT DEBT COLLECTION AND GROSSLY NEGLIGENT DEBT COLLECTION

28. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

29. Defendants were aware that it is illegal under New York State and Federal Law to engage in the conduct described herein. Plaintiff relied upon the protection afforded her under New York and Federal Law. It was foreseeable that Defendant's continuation of their illegal conduct would cause damage to the Plaintiff. Defendants owed the Plaintiff a duty and special duty of reasonable care in the manner in which they attempted to collect the alleged debt.

30. Defendants' actions constitute a crime under the New York General Business Law Article 29H. Defendants owed Plaintiff a duty and a special duty to abide by the criminal statutory proscriptions of New York law.

31. Defendants' actions and omissions as described herein constitute negligence in that Defendant owed Plaintiff a duty and a special duty of reasonable care in the collection of the alleged debt, said duties were breached, and said breaches were the proximate cause of damages suffered by Plaintiff.

32. Defendants' actions and omissions as described herein constitute gross negligence in that Defendant owed Plaintiff a duty and a special duty of reasonable care in the collection of the alleged debt, said duties were breached, said breaches were the proximate cause of damages suffered by Plaintiff, and Defendants' actions and omissions demonstrate a want of scant care and an indifference to the rights of Plaintiff. Defendants' actions were willful, malicious, and wanton. Defendants' actions were highly unreasonable and demonstrate an extreme departure from ordinary care.

33. Plaintiff has been damaged emotionally and financially by the Defendant's illegal and criminal conduct as alleged herein.

34. Plaintiff is entitled to punitive damages for the actions and omissions of the Defendants as described herein.

## VII. CAUSES OF ACTION FOR NEGLIGENT AND GROSS NEGLIGENT HIRING, RETENTION, TRAINING AND SUPERVISION AGAINST THE CORPORATE DEFENDANT

35. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

36. The Defendant has been sued over 50 times for violating the Fair Debt Collection Practices Act, 15 USC 1692 et seq. On information and belief, the Defendant does not properly train and/or supervise the employees that they use to collect alleged debts. On information and belief, it is the policy of the corporate Defendant to engage in actions consistent with the Defendants' actions described herein. On information and belief, Defendant hires, trains, supervises and/or retains employees with a complete disregard of their ability or propensity to abide by federal and state debt collection laws.

37. Defendant was negligent in the hiring, retention, training, and/or supervision of its employees. Defendant's actions and omissions constitute negligence in that Defendant owed Plaintiff a duty and a special duty to hire, retain, train, and/or supervise its employees properly, said duties were breached, and said breaches were the proximate cause of damages suffered by Plaintiff.

38. The actions and omissions of Defendant as described herein constitute grossly negligent hiring, retention, training, and/or supervision in that Defendant owed Plaintiff a duty and a special duty to hire, retain, train, and/or supervise its employees properly, said duties were breached, said breaches were the proximate cause of damages suffered by Plaintiff, and Defendant's actions and omissions demonstrate a want of scant care and an indifference to the rights of Plaintiff. The actions of Defendant were willful, malicious, and wanton. The actions of Defendant were highly unreasonable and demonstrate an extreme departure from ordinary care.

39. Plaintiff has been damaged financially and emotionally by the Defendant's illegal and criminal conduct as alleged herein.

40. Plaintiff is entitled to punitive damages for the actions and omissions of the Defendant as described herein.

## VIII. CAUSES OF ACTION FOR NEGLIGENCE PER SE

41. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

42. Defendants' conduct as described herein violated various New York State statutes.

43. Defendants' actions as described herein violated New York General Business Law Article 29H. (NYFDCPA)

44. Plaintiff is within the class of people intended to be protected by New York General Business Law Article 29H. (NYFDCPA)

45. Defendants' actions as described herein violated 15 U.S.C. Section 1692 et seq. (Federal FDCPA)

46. Plaintiff is within the class of people intended to be protected by 15 U.S.C. Section 1692 et seq. (Federal FDCPA)

47. Defendants' violations of the above referenced statutes proximately caused damage to the Plaintiff.

48. Defendant is liable for negligence per se.

49. Plaintiff has been damaged emotionally by the Defendants' illegal and criminal conduct as alleged herein.

## IX. CAUSES OF ACTION UNDER NEW YORK GENERAL BUSINESS LAW

50. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

51. Defendant's actions as detailed above violate the New York General Business Law Section 349 et seq. in that:

52. The Defendant left phone messages for Plaintiff while hiding their identity as a debt collector.

53. The Defendant fraudulently informed the Plaintiff's bank that Defendant was authorized to take money out of Plaintiff's bank account.

54. On information and belief, Defendants regularly utilize deceptive practices as described herein in connection with the attempt to collect consumer debts. Defendant's actions have a broad impact on New York consumers at large, in that on information and belief, the Defendant utilizes the deceptive practices contained herein while attempting to collect debts from New York consumers.

55. The Defendant's actions have caused the Plaintiff financial damage in that the Defendant has taken $78.00 out of the Plaintiff's bank account.

56. The Plaintiff requests that the Court issue an injunction prohibiting the Defendant from taking any money out of the Plaintiff's bank account.

## X. CONVERSION

57. The actions of Defendants as described herein constitute the tort of conversion in that the Plaintiff had a legal ownership interest in her bank account; and the Defendants exercised unauthorized interference with said bank account. The actions of the Defendants' were wrongful; and the Defendants have an obligation to return the proceeds of such bank account.

58. The actions of the Defendants caused the Plaintiffs damage as described herein.

59. The actions and omissions of the Defendants were willful, malicious, and wanton.

60. Plaintiffs are entitled to punitive damages for the actions of the Defendants as described herein.


**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, for the following:

A. Injunctive relief as requested herein;

B. Actual damages pursuant to the FDCPA; General Business Law; and common law claims;

C. Statutory damages pursuant to the FDCPA and General Business Law;

D. Nominal damages;

E. Costs and reasonable attorney's fees pursuant to the FDCPA and/or General Business Law;

F. Punitive damages pursuant to the state common law claims and General

Business Law

G. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Joseph Mauro (JM: 8295)
The Law Office of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

_____
Joseph Mauro